NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2021[*]
Decided October 20, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1444

| | |
|---|---|
| RICHARD L. JONES,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 20-C-308 |
| YELENA NELSON,<br>*Defendant-Appellee*. | Lynn Adelman,<br>*Judge*. |

**O R D E R**

Richard Jones, a Wisconsin inmate, sued correctional officers at the Columbia Correctional Institution for deliberate indifference to a bug infestation in his cell in violation of his Eighth Amendment rights. He alleged that the officers ignored his

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

complaints, and so the insects bit him and burrowed into his ears and under his skin, causing lasting health problems. After dismissing most of Jones's claims at screening, the district court entered summary judgment for the remaining defendant, Yelena Nelson. The court concluded that Jones had not exhausted his administrative remedies or shown that none were available. *See* 42 U.S.C. § 1997e(a). We affirm.

According to Jones's complaint, he was assigned to a cell with a bug infestation in June 2016. He complained about the bugs to Nelson and other correctional officers, but Nelson did nothing to assist him and offered a switch into segregation as the only alternative to the infested cell. Jones submitted a health services request about insect bites, and in September 2016, he filed a grievance about the infestation in his cell. The inmate complaint examiner returned it with a rejection letter that instructed him to attempt to resolve the issue informally before resubmitting the grievance. There is no record of Jones ever refiling the grievance. Years later, in April 2020, Jones (by then at Redgranite Correctional Institution) awoke with blood dripping from his ear. He believes it was caused by insects burrowing under his skin for years and alleges that he has suffered continuous ringing in his ears and partial hearing loss as a result.

Shortly after he awoke to a bleeding ear, Jones sued a number of guards at Columbia under 42 U.S.C § 1983 over the infested cell. After the district court whittled down the complaint at screening, Nelson moved for summary judgment on the ground that Jones failed to exhaust his administrative remedies at Columbia. She submitted evidence about the September 2016 grievance that the complaint examiner had returned so that Jones could attempt to resolve the issue informally, as required under administrative procedures. *See* WIS. ADMIN. CODE DOC § 310.07(1). The examiner's letter advised him to "send this Return Letter to Mr. Hicks, Unit Manager re: Insects & J. Gohde, RN, Health Services Manager re: medical issues, along with [his] Inmate Complaint or a DOC-643, 'Inmate Request' explaining the issue" and to allow those staff members sufficient time to respond before resubmitting a grievance. According to the affidavit of the complaint examiner at Columbia who had returned Jones's grievance: "I did not receive a response from Jones in reply to the Return Letter, and he never resubmitted the Inmate Complaint."

In response, Jones maintained that he had spoken to his unit manager, who simply advised him to contact maintenance. Further, he argued, the complaint examiner who rejected his grievance wished to suppress any record of the problem: "[S]he is intelligent, and she was not going to give me a complaint number for this incident so

the state would have an escapement [in] case of a lawsuit." He did not support his response with a declaration or affidavit.

The district court entered summary judgment for Nelson, pointing out that Jones conceded that he never refiled a grievance though he had received specific instructions on what he needed to do. Further, he did not create a fact issue about the availability of the grievance process; he provided no evidence that anyone at the prison had prevented him from attempting an informal resolution or refiling his grievance.

On appeal, we first consider our jurisdiction. Because Jones did not file a timely notice of appeal, we ordered briefing on the question of whether a letter Jones sent to the district court, in which he mentioned multiple times that he intended to appeal the ruling on exhaustion, could serve as a timely notice of appeal. We agree with both parties that it can. *See Smith v. Barry*, 502 U.S. 244, 248 (1992); *Nartey v. Franciscan Health Hosp.*, 2 F.4th 1020, 1024 (7th Cir. 2021). We therefore proceed to the merits.

Jones reiterates his conditions-of-confinement claim against Nelson and argues that the district court construed a disputed fact against him when it determined that he failed to exhaust. He asserts that he complained informally and that the complaint examiner refused to accept his grievances to thwart his lawsuit. We review exhaustion rulings de novo. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

To exhaust administrative remedies, an inmate "must follow the rules governing filing and prosecution of a claim." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Here, the regulations of the Wisconsin Department of Corrections provide those rules. *See Jones v. Bock*, 549 U.S. 199, 218 (2007).

The district court rightly found that Jones did not exhaust his administrative remedies. The complaint examiner permissibly rejected Jones's grievance because he did not raise his concerns about the infestation with prison staff before submitting his grievance. WIS. ADMIN. CODE DOC § 310.07(1). And although the complaint examiner provided specific instructions on how to comply with procedural requirements and resubmit his complaint, he did not. *See id.* §§ 310.10–310.13. Further, in reaching its conclusion, the district court did not resolve any fact questions. As the court noted, Jones did not assert that he refiled his grievance, and his unsupported speculation that the complaint examiner would never accept a grievance to thwart a lawsuit was insufficient to create a fact issue about the availability of the grievance process. *See*

*Daughterty v. Page*, 906 F.3d 606, 610–11 (7th Cir. 2018) (affirming summary judgment for prison officials because prisoner failed to produce any nonspeculative evidence that officials intended to dissuade him from complaining about prison conditions).

AFFIRMED